## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

SARA M. ROGERS,

    Plaintiff,

        v.

THOMAS J. VILSACK, in his official capacity as Secretary of the United States Department of Agriculture, and

ZACH DUCHENEAUX, in his official capacity as Administrator of the Farm Service Agency,

    Defendants.

Case No. 1:21-cv-01779

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT OR, IN THE ALTERNATIVE, SETTING OF DATE CERTAIN FOR ANSWER**

---

Plaintiff filed this action on June 29, 2021. Over one month ago, on September 1, Defendants requested a continuance regarding their duty to file a responsive pleading. Defs.' Mot. to Continue Their Resp. Deadline, ECF No. 13. In their motion, Defendants acknowledged their deadline of September 7, 2021. *Id.* at 1. That date has long since passed, and yet, no answer has been filed. After conferring with Defendants and being informed that the Government had no plan to file a responsive pleading, Plaintiff filed a Notice of Noncompliance on September 10, 2021. ECF No. 17. In that Notice, Plaintiff stated that it was not currently filing a Motion for Default Judgment. Yet. *Id.* at 3. Plaintiff now files that motion.

The Federal Government is not entitled to unilaterally grant its own motion for a continuance to file a responsive pleading. Its ongoing and blatant disregard for the Federal Rules of Civil Procedure cannot go unanswered, nor should this Court permit it to do so. Accordingly, Plaintiff submits this motion for default judgment or, in the alternative, to set a certain date by which the Defendants must file their responsive pleading.

1

Defendants, unsurprisingly, oppose this motion. And although they will have a full opportunity to brief their opposition, they asked that their complete position nevertheless be represented in Plaintiff's motion.  In the interests of comity, Plaintiff includes the Government's position below:

> "The Government opposes the motion because there are no grounds for seeking default judgment against the Government in this case. The Government would consent to setting a deadline to respond to the Complaint for 14 days after the motion to stay is denied or, if the motion is granted, 14 days after the stay is lifted."

Even in the Government's conferral e-mail, it offered no authority for the proposition that Defendants are entitled to an extension of their answer deadline without the Court's granting their motion.

## LEGAL STANDARD

"A party may not simply sit out the litigation without consequence." *Hawkinson v. Obrien*, No. 18-cv-03022-PAB-KMT, 2020 WL 3619557, *2 (D. Colo. July 2, 2020).  Under the Federal Rules of Civil Procedure, the United States, its agencies, or its officers or employees sued in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.  Fed. R. Civ. P. 12(a)(2).

Default judgment may be entered against a party who fails to appear or otherwise defend. Fed. R. Civ. P. 55; *Deery American Corp. v. Artco Equip. Sales, Inc.*, No. 06-cv-01684-EWN-CBS, 2007 WL 437762, *2 (D. Colo. Feb. 6, 2007) ("[I]n civil cases, where a party fails to respond, after notice the court is ordinarily justified in entering a judgment against the defaulting party.") (internal citation omitted).  "A defendant who fails to answer, plead, or otherwise defend an action is deemed to have admitted the factual allegations of the complaint as true." *Malluk v. Berkeley Highlands Productions, LLC*, No. 19-cv-01489-CMA, 2020 WL 1033339, *2 (D. Colo. Mar. 3,

2020) (citing *Brill Gloria v. Sunlawn, Inc.*, No. 08-cv-00211-MSK-MEH, 2009 WL 416467, *2 (D. Colo. Feb. 18, 2009)).   In considering whether to enter default judgment, the district court "accepts as true the undisputed facts alleged in affidavits and exhibits." *Id.*

"A trial court is vested with broad discretion in deciding a default judgment question." *Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987).   Default judgment, however, "is a harsh sanction." *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir. 1987).   Because of this, "the default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party.   In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.   The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991) (internal citations omitted); *see Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("We do not favor default judgments because the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural error.   However, a workable system of justice requires that litigants not be free to appear at their pleasure.   We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure.   The threat of judgment by default serves as an incentive to meet this standard.").

Although default judgments must be approached with caution, it is well established that entry of default judgment for failure to file an answer is appropriate where such failure was not the result of mistake, inadvertence, or excusable neglect. *See, e.g., Otoe County Nat. Bank v. W&P Trucking, Inc.*, 754 F.2d 881, 883 (10th Cir. 1985) (failure to file an answer based on advice of counsel was an informed choice and not the result of mistake, inadvertence, or excusable neglect);

*Williams v. Swanson*, 57 Fed. Appx. 784, 787-88 (10th Cir. 2003) (Defendant's mistaken belief that his attorneys would handle the filing of the answer does not amount to "excusable neglect").

## ARGUMENT

### The Government Has Willfully Disregarded Its Obligation to File a Responsive Pleading

Plaintiff has attempted in good faith to confer with the Government regarding its plans to file an answer—to no avail. Plaintiff conferred with the Government on September 8, 2021, requesting that it explain why no responsive pleading had been filed. In response, the Government stated that it was disregarding the deadline, pending resolution of its previously-filed motion to continue. *See* Exhibit 1. Defendants apparently believe that they had the power to grant their own motion, and had no duty to comply with the September 7 deadline. When asked on September 9, 2021, for authority supporting the proposition that a motion to continue is "self-executing," the Government declined to respond. *See* Exhibit 2. In response to the Government's silence, Plaintiff filed a notice of noncompliance the next day. *See* Notice of Defs.' Noncompliance with Responsive Pleading Deadline, ECF No. 17. Even this was not enough to prompt the Government to follow though with filing a responsive pleading. However, despite never answering Plaintiff's request for authority to support Defendants' position, the Government has found time to file two notices of supplemental authority regarding its motion to stay proceedings. *See* ECF Nos. 18 and 19.

Parties to a case do not have the unilateral power to grant their own motions for continuance. Indeed, this District has stated that the Court has sole authority to waive or excuse a party's obligation to serve a responsive pleading—parties themselves can't simply make assumptions. *See QFA Royalties LLC v. Liberty Holding Grp., Inc.*, No. 06-cv-00948-LTB-MEH,

2007 WL 2071633, *2 (D. Colo., Jul. 16, 2007) (rejecting the argument that settlement talks obviated the need to file an answer, and noting "that it is the authority of the court to waive or excuse such obligation" to file an answer).  Without having an answer regarding the allegations in this case, Plaintiff reluctantly files this motion for default judgment.

**<u>The Court Should Set a Hearing Date on this Motion, or a Date Certain for an Answer</u>**

Under Fed. R. Civ. P. 55(b)(2), "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing."  Upon the setting of a hearing on this motion, Plaintiff is prepared to provide written notice to Defendants to ensure proper and fair notice.

Moreover, Fed. R. Civ. P. 55 clearly contemplates that the Court does indeed possess the authority to hold the Government in default, in cases where the evidence satisfies the independent judgment of the Court.  *See* Fed. R. Civ. P. 55(d) ("A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.").  Plaintiff is prepared to present evidence that Section 1005 of the American Rescue Plan Act—which bars Plaintiff from obtaining debt forgiveness on her Farm Service Agency solely due to her race—establishes a right to relief.  Such evidence is not in short supply.  *See, e.g.*, *Brown v. Board of Ed. of Topeka*, 347 U.S. 483, 495 (1954) ("[S]egregation is a denial of the equal protection of the laws."); *Plessy v. Ferguson*, 163 U.S. 537, 560 (1896) (Harlan, J., dissenting) ("Our Constitution is color-blind."); *see also Pena-Rodriguez v. Colorado*, 137 S.Ct. 855, 867 (2017) ("It must become the heritage of our Nation to rise above racial classifications that are so inconsistent with our commitment to the equal dignity of all persons.");

*Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 748 (2007) (plurality opinion) ("The way to stop discrimination on the basis of race is to stop discriminating on the basis of race."); *Batson v. Kentucky*, 476 U.S. 79, 85 (1986) ("[T]he central concern of the recently ratified Fourteenth Amendment was to put an end to governmental discrimination on account of race.").

Similarly, every court that has reached the merits of a motion for preliminary injunction or temporary restraining order regarding Section 1005 has found that a plaintiff possesses a likelihood of success on the merits. *See Holman v. Vilsack*, No. 21-1085-STA-jay, 2021 WL 2877915, *10 (W.D. Tenn. July 8, 2021) ("However important the goal of eliminating the vestiges of prior race discrimination, and it is important, the government's efforts cannot withstand strict scrutiny."); *Faust v. Vilsack*, 519 F. Supp. 3d 470, 475 (E.D. Wis. 2021) ("Here, Defendants lack a compelling interest for the racial classifications."); *Wynn v. Vilsack*, No. 3:21-cv-514-MMH-JRK, 2021 WL 2580678, *7 (M.D. Fla. June 23, 2021) ("Here, little if anything about Section 1005 suggests that it is narrowly tailored."); Order, *Miller v. Vilsack*, No. 4:21-cv-00595 (N.D. Tex. July 1, 2021), ECF No. 70, at 18 ("[T]he loan-forgiveness program is simultaneously overinclusive and underinclusive: overinclusive in that the program provides debt relief to individuals who may never have experienced discrimination or pandemic-related hardship, and underinclusive in that it fails to provide any relief to those who have suffered such discrimination but do not hold a qualifying FSA loan.").

Alternatively, because Plaintiff understands the gravity of entering a default judgment against the Government on the matter of an Act of Congress, Plaintiff respectfully asks the Court to set a date certain upon which Defendants must submit a responsive pleading.

**CONCLUSION**

For these reasons, the Court should grant Plaintiff's Motion for Default Judgment or, in the

Alternative, Setting of Certain Date for Answer.

Dated: <u>October 4, 2021</u>          Respectfully submitted,

                                       <u> /s/ Corey C. Bartkus              </u>
Corey C. Bartkus, CO. Bar No. 54789
MOUNTAIN STATES LEGAL FOUNDATION
2596 S. Lewis Way
Lakewood, Colorado 80227
Tel: (303) 292-2021 | Fax: (303) 292-1980
corey@mslegal.org

*Counsel for Plaintiff*

*I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 4, 2021, I caused a true and correct copy of the foregoing

document to be electronically filed with the Clerk of the Court using the Court's CM/ECF

system which sent notification of such filing to all counsel of record of this matter.

*/s/ Corey C. Bartkus*
Corey C. Bartkus
