**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| SARA M. ROGERS, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS J. VILSACK, in his official capacity as Secretary of the United States Department of Agriculture, and <br><br> ZACH DUCHENEAUX, in his official capacity as Administrator of the Farm Service Agency, <br><br> Defendants. | Case No. 1:21-cv-01779 <br><br><br> **REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT OR, IN THE ALTERNATIVE, SETTING OF DATE CERTAIN FOR ANSWER** |

Why is the government spending the time to litigate a motion for default judgment instead of just filing its Answer?

Plaintiff filed this action over four months ago, on June 29, 2021. It is a total of 14 pages, including the caption and signature block. The parties do not dispute that a responsive pleading was initially due no later than September 7, 2021, and that the government has not filed one. While declining to file an Answer, however, the government has opted to submit the following other filings:

- Motion to Stay Proceedings (July 19, 2021; ECF No. 8)
- Notice of Supplemental Authorities (August 31, 2021; ECF No. 12)
- Motion to Continue Defendants' Response Deadline (September 1, 2021; ECF No. 13)
- Notice of Supplemental Authorities (September 13, 2021; No. ECF 18)
- Notice of Supplemental Authorities (September 22, 2021; No. ECF 19)

1

- Response to Motion for Default Judgment (October 21, 2021; No. ECF 27)

Defendants' September 1 Motion for a Continuance on its Answer deadline—which the government acknowledges was September 7—has not been ruled upon by this Court. Despite this, the government's responsive pleading is now more than two months overdue. The federal government is not entitled to unilaterally grant its own motion for a continuance to file a responsive pleading, and it has offered no authority for the proposition that Defendants are entitled to an extension of their Answer deadline without the Court's granting their motion.[1] Plaintiff is therefore entitled to a hearing and to default judgment against the government. At the very least, however, the Court should enter a date certain by which the government must file a responsive pleading.

## PROCEDURAL POSTURE

The government relies on the fact that the Clerk declined to enter a default in this case, and obliquely referred to the fact that "a motion for extension of time to answer or to file a responsive pleading is pending." ECF No. 21. But the Clerk's notation is referring to a default judgment sought under F.R.C.P. 55(b)(1), which is why it mentions the requirements in the local rule to seek such a default. *See* D.C.COLO.LCivR 55.1 ("To obtain a default judgment under Fed. R. Civ. P. 55(b)(1), a party shall show by motion supported by affidavit: (1) that the defendant who has been defaulted: (A) is not a minor or an incompetent person; (B) is not in the military service, as set forth in the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, Protection of Servicemembers

---

[1] Indeed, if this were the rule, any litigant could grant themselves an extension on a pressing deadline merely by filing a barebones motion for continuance with the Court.

Against Default Judgments; (C) has not made an appearance; and (2) the sum certain or the sum that can be made certain by computation.") (emphasis added).

Here, where Plaintiff seeks declaratory and injunctive relief against race-based COVID-19 relief—as opposed to a sum certain—Local Rule 55.1 does not apply. And there is no local rule that requires the submission of an affidavit under F.R.C.P. 55(b)(2). *See also Arslani v. UMF Group, Inc.*, No. 19-cv-1117-WJM-KLM, 2020 WL 7335611, *1 (D. Colo., Dec. 14, 2020) ("Default judgment must be entered by the Clerk of Court if the claim is for 'a sum certain'; in all other cases, 'the party must apply to the court for a default judgment.'"). Nor does F.R.C.P. 55(a) itself require that an affidavit be submitted to the Clerk for default, if there are other means to establish that a party has failed to plead or otherwise defend: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." (emphasis added).

No party disputes that the government has failed to file an answer for two months beyond its initial deadline, and that it has no order from this Court granting it an extension. ECF No. 27, at 2 ("Defendants are thus not obliged to answer at this time."). There has thus never been a need for Plaintiff to submit a sworn affidavit to establish basic facts that are undisputed and incontrovertible. Moreover, if the only barrier to entering a default judgment in this matter is truly the Clerk's decision not to enter a default upon an affidavit, then the Plaintiff urges the Court to revisit the Clerk's decision.

## SETTING A DATE CERTAIN

The government could have filed its request for a continuance of the Answer deadline on July 19, when it filed its Motion to stay the case. (There can be no dispute that its arguments in its

3

Motion for Continuance are tightly bound to those in its Motion for Stay.) Yet inexplicably, it waited until September 1 to present this Court with its request for a continuance on a deadline that was only six days later.

Now, the government's best offer is that it will file a responsive pleading "14 days after the motion to stay is denied or, if the motion is granted, 14 days after the stay is lifted." ECF No. 27, at 2. In other words, despite the self-granted two-month extension on its deadline, it still plans to wait another two weeks after the Court rules on its July 19 motion to stay the case before it files its responsive pleading.

This is hardly a "date certain." And it is unfair to the Plaintiff to indefinitely prolong this case, without knowing what the government's response to her Complaint is. This Court should not encourage such behavior on the part of any party, particularly the federal government.

## CONCLUSION

For these reasons, the Court should grant Plaintiff's Motion for Default Judgment or, in the Alternative, Setting of Certain Date for Answer.

Dated: November 8, 2021        Respectfully submitted,

 /s/ David McDonald
David McDonald, CO Bar No. 53709
MOUNTAIN STATES LEGAL FOUNDATION
2596 S. Lewis Way
Lakewood, Colorado 80227
Tel: (303) 292-2021 | Fax: (303) 292-1980
dmcdonald@mslegal.org

*Counsel for Plaintiff*

*I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2021, I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF system which sent notification of such filing to all counsel of record of this matter.

*/s/ David McDonald*
David McDonald
