IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:21-cv-01779-DDD-SKC

SARA M. ROGERS

    Plaintiff,

v.

THOMAS VILSACK, IN HIS OFFICIAL CAPACITY
AS SECRETARY OF AGRICULTURE and
ZACH DUCHENEAUX,

    Defendants.

---

**ORDER RE: MOTION TO STAY [DKT. 8]**

---

This Order addresses Defendants Thomas Vilsack and Zach Ducheneaux's Motion to Stay ("Motion"). [Dkt. 8.] District Judge Domenico referred the matter to the Magistrate Judge. [Dkt. 9.] The Court has reviewed the Motion and the entire record. No hearing is required. For the reasons below, the Motion is **GRANTED.**

DISCUSSION

In March 2021, Congress enacted Section 1005 of the American Rescue Plan Act ("Section 1005"), which authorizes funds to provide debt relief on certain loans provided or guaranteed by the U.S. Department of Agriculture ("USDA") and held by "socially disadvantaged farmers or ranchers."[1] [Dkt. 8, p.1.] Congress determined

---

[1] "The American Rescue Plan Act uses the 2501 definition of socially disadvantaged, which includes Black/African American, American Indian or Alaskan [N]ative, Hispanic or Latino, and Asian American or Pacific Islander." [Dkt. 10, p.1, n.1.]

1

that this relief was necessary to remedy the lingering effects of decades of discrimination against minority farmers in USDA's farm loan programs, which effects were exacerbated by COVID-19 and the failure of prior pandemic relief to reach those farmers. [*Id.*]

Plaintiff Sara Rogers, a white farmer in Washington County, Colorado, brought this case challenging Section 1005 on equal protection grounds. [*See generally*, Dkt. 1.] In addition to her Fifth Amendment claim, she asserts a second claim for "illegally allowing future eligibility," which challenges Defendants' ability to allow those who received loan forgiveness to remain eligible for future loans. [*Id.* at ¶¶63-69.]

But Ms. Rogers is not alone in her grievances. There are 12 other cases being litigated throughout the nation similarly challenging the constitutionality of Section 1005.[2] [Dkt. 8, p,3.] Relevant to the Court's analysis here, *Miller v. Vilsack*, No. 4:21-cv-0595-O (N.D. Tex.) – the first-filed Section 1005 case – has since certified two nationwide classes under Rule 23(b)(2). [*Id.* at p. 4.] The *Miller* Court also issued a nationwide preliminary injunction precluding Defendants from disbursing Section 1005 funds while the case is pending. [*Id.*][3] The classes certified in *Miller* include: (1)

---

[2] *Miller v. Vilsack*, 4:21-cv-595 (N.D.Tex.); *Holman v. Vilsack*, 1:21-cv-1085 (W.D. Tenn.); *Joyner v. Vilsack*, 1:21-cv-1089 (W.D. Tenn.); *Carpenter v. Vilsack*, 21-cv-103 (D.Wyo.); *Wynn v. Vilsack*, 3:21-cv-514 (M.D. Fla.); *Faust v. Vilsack*, 1:21-cv-548 (E.D. Wis.); *McKinney v. Vilsack*, 2:21-cv-212 (E.D. Tex.); *Kent v. Vilsack*, 3:21-cv-540 (S.D. Ill.); *Dunlap v. Vilsack*, 2:21-cv-942 (D. Or.); *Tiegs v. Vilsack*, 3:21- cv-147 (D.N.D.); *Nuest v. Vilsack*, 21-cv-1572 (D. Minn.). [Dkt. 8, p. 3.]

[3] *Wynn v. Vilsack*, et al., No. 3:21-cv-514-MMH-LLL, a case out of the Middle District of Florida, was the first court to grant a nationwide injunction; the *Miller* court also

all farmers and ranchers in the United States who are encountering, or who will encounter, racial discrimination from the United States Department of Agriculture on account of section 1005 of the American Rescue Plan Act; (2) all farmers and ranchers in the United States who are currently excluded from the definition of "socially disadvantaged farmer or rancher," as defined in 7 U.S.C. § 2279(a)(5)–(6)5 and as interpreted by the Department of Agriculture. [Dkt. 8, p.4.] Ms. Rogers is a member of either or both classes, and she has not indicated that she has opted out of either class.

Defendants seek a stay of the proceedings in this District pending "final resolution of the class challenge to Section 1005 in *Miller*." [*Id*. at 3.] "A district court's power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Stays are the exception in this judicial district, not the rule. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009) ("This District generally disfavors stays of discovery."). Thus, "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

Courts generally consider the propriety of a stay by balancing five factors: (1) the plaintiff's interest in proceeding expeditiously and the potential prejudice to

---

issued an injunction and was the first to certify a nationwide class action. [Dkt. 33-1, p. 2.]

plaintiff of a delay; (2) the burden on the defendants if no stay is issued; (3) the convenience to the court; (4) the interests of non-parties; and, (5) the public interest. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). With these factors in mind, the Court concludes a stay is warranted.

The Court recognizes Rogers' presumptive right to proceed expeditiously with her claims "should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n*, 713 F.2d at 1484. And the Court finds those circumstances here. Plaintiff does not dispute she is a member of the *Miller* class, and she has not shown she opted out. As such, the outcome in *Miller* will directly impact her claims here. These circumstances warrant a stay. *See Thiele v. Energen Res. Corp.*, No. 15-CV-01475-DME-KLM, 2015 WL 13899009, at *2 (D. Colo. Dec. 7, 2015) (staying the action until the District of New Mexico ruled on class certification).

In opposing Defendants' Motion, Plaintiff argues her Complaint includes a "wholly distinct claim that is never mentioned in *Miller*." The Court is not convinced. Especially where, as here, Plaintiff confesses her "illegally allowing future eligibility" claim is also brought on equal protection grounds [*See* Dkt. 10, p.7 (the second claim "is a distinct equal protection violation in itself.").] Moreover, any potential prejudice to Plaintiff is mitigated by the nationwide injunction issued in *Miller* preserving the status quo. [Dkt. 8, p.9.]

Underscoring the Court's decision here are principles of comity. Federal courts commonly apply the principles of comity when contemplating action that could

4

undermine or interfere with another federal court's affairs. *Schreiber v. United States*, No. 08-cv-00731-PAB-KMT, 2009 WL 890688, at * (D. Colo. Mar. 31, 2009) (citing *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir.1985); *Wyoming v. U.S. Dep't of Agric.*, 570 F.Supp.2d 1309, 1351–52 (D.Wyo.2008)). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *West Gulf Maritime*, 751 F.2d at 729. In what has been described as "the self-imposed rule of comity," *see O'Hare Int'l Bank v. Lambert*, 459 F.2d 328, 331 (10th Cir.1972), the Tenth Circuit admonishes district courts that "[t]he simultaneous prosecution in two different courts of cases relating to the same parties and issues leads to the wastefulness of time, energy and money." *Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir.1965) (internal quotation marks omitted).

The *Miller* case was filed first, is still pending, is against the same Defendants as here, and challenges Section 1005 on the same basis. Moreover, Ms. Rogers is a class plaintiff to that action. Allowing her to proceed in this Court while she simultaneously is a member of the *Miller* class, would be the epitome of wastefulness.

For these reasons, the Court finds that a stay of discovery is appropriate. Therefore, IT IS ORDERED that Defendants' Motion is GRANTED and this matter is STAYED pending resolution of *Miller v. Vilsack, et al*. IT IS FURTHER ORDERED that the parties shall file joint status reports every 90 days updating the Court on (1) the status of *Miller v. Vilsack*, and (2) the continued need for a stay.

5

DATED: March 31, 2022.

BY THE COURT:

_____
S. Kato Crews
United States Magistrate Judge
