IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

SARA ROGERS,

       *Plaintiff*,

v.

THOMAS J. VILSACK, in his official
capacity as Secretary of Agriculture, *et al.*,

       *Defendants*.

No. 2:21-cv-01779-DDD-SKC

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION TO LIFT STAY AND DISMISS AS MOOT**

# INTRODUCTION

Plaintiff Sara Rogers challenges Section 1005 of the American Rescue Plan Act (ARPA),[1] alleging that it violates the equal protection principles of the Fifth Amendment of the U.S. Constitution. But § 1005 was expressly repealed by the Inflation Reduction Act.[2] Because Plaintiff has "no legally cognizable interest in the constitutional validity of" § 1005—a now "obsolete statute"—her case is moot. *Camfield v. City of Okla. City*, 248 F.3d 1214, 1223 (10th Cir. 2001) (quoting *Citizens for Responsible Gov't State Political Action Comm. v. Davidson,* 236 F.3d 1174, 1182 (10th Cir. 2000)).

Plaintiff does not dispute that § 1005 has been repealed, and that USDA therefore cannot implement it in any way going forward. Instead, Plaintiff asserts that alleged past harms stemming from discrete actions Defendants took toward implementing the repealed statute nearly eighteen months ago keep her case alive. But whether Plaintiff was injured by § 1005 in the past is beside the point. Any such past harms establish no ongoing case or controversy such that Plaintiff could obtain prospective injunctive or declaratory relief concerning the constitutionality of § 1005. In short, because the Court can grant no effective relief on Plaintiff's challenge to the constitutional validity of the now-repealed § 1005, Plaintiff's case is moot and should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

---

[1] Pub. L. No. 117-2, 135 Stat. 4 (2021).
[2] Pub. L. No. 117-169 § 22008, 136 Stat. 1818, 2023 (2022).

## ARGUMENT

**I.     Because there is no meaningful relief the Court could order on Plaintiff's constitutional challenge to an obsolete statute, Plaintiff's case is moot.**

When determining whether a case is moot, "[t]he crucial question is whether granting a *present* determination of the issues offered will have some effect in the real world." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1110 (10th Cir. 2010) (emphasis in original) (quoting *Wyoming v. U.S. Dep't of Agric.*, 414 F.3d 1207, 1212 (10th Cir. 2005)). "[I]t is not enough that a dispute was very much alive when suit was filed[.]" *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). To obtain the prospective injunctive and declaratory relief sought here, Plaintiff must "demonstrate a good chance of being . . . injured by [Defendants] *in the future*." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded on other grounds as recognized in Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001) (citation omitted) (emphasis added). Thus, a court "must ascertain what type of relief the [plaintiff] seek[s]" and determine whether it "can, at th[at] juncture, afford [her] meaningful relief." *Rio Grande Silvery Minnow*, 601 F.3d at 1110.

Where, as here, a plaintiff challenges the constitutionality of a statute, the repeal of the statute necessarily means that a ruling on its constitutionality would have no real-world effect. As the Tenth Circuit has stated, "parties have no legally cognizable interest in the constitutional validity of an obsolete statute[.]" *Camfield*, 248 F.3d at 1223 (citation omitted). Declaring a void statute unconstitutional or enjoining its application in the future "would constitute a 'textbook example of advising what the law would be upon a hypothetical set of facts[.]'" *Id.* (quoting *Nat'l Advert. Co. v. City & Cnty. of Denver,* 912 F.2d 405, 412 (10th Cir. 1990)).

Under straightforward application of this precedent, there is no question that Plaintiff's equal protection challenge to § 1005 is moot. Through this suit, Plaintiff seeks a declaration that

§ 1005 is "unconstitutional under the Equal Protection principles of the Fifth Amendment of the United States Constitution" and an injunction precluding the government from enforcing its terms. *See* Compl., Relief Requested, ECF No. 1. Yet Plaintiff does not dispute that § 1005 was repealed in its entirety, and that the government accordingly cannot implement it. Nor does she argue that any evidence shows a congressional intent to reenact § 1005, which is the only basis on which she might establish an exception to mootness despite § 1005's repeal. *See Rio Grande Silvery Minnow*, 601 F.3d at 1117; *see also* Defs.' Mot. to Lift Stay & to Dismiss as Moot ("Defs.' Mot.") 5, ECF No. 41. Thus, Plaintiff no longer has any legally cognizable interest in § 1005's constitutional validity. An order declaring § 1005 unconstitutional and enjoining its application would afford Plaintiff no meaningful relief.

Indeed, in the only other § 1005 litigation where the plaintiff disputed the mootness of her claim, the court recently granted the government's motion to dismiss as moot in light of § 1005's repeal. Order, ECF No. 41, *Carpenter*, No. 2:21-cv-103 (D. Wyo.) ("*Carpenter* Order") (attached as Ex. A). The court concluded that it lacked "any power to alter or affect the rights of Plaintiff or others relating to" § 1005's constitutionality, because "the legislative repeal means that Defendants" could no longer "apply, implement, or enforce Section 1005[.]" *Id.* at 3-4. As "neither Plaintiff nor anyone else may receive loan forgiveness" under § 1005, the plaintiff no longer suffered any cognizable injury with respect to her claims. *Id.* at 4. The same is true here.

Plaintiff's efforts to avoid this conclusion are meritless. According to Plaintiff, her alleged *past* injuries stemming from the past steps taken by Defendants toward § 1005's implementation keep her case alive. In particular, Plaintiff contends that a few test payments to New Mexican

3

farmers,[3] made in June 2021 during the initial stages of pre-injunction implementation of § 1005, inflict an *ongoing* injury to her that the Court may remedy through a ruling on § 1005.[4] *See generally* Pl.'s Opp'n. Therefore, she contends, her case is not moot. Not so.

These handful of past test payments create no injury—past or present—with respect to Plaintiff's equal protection claim. In an equal protection case of this nature, "the right asserted" is "the right to *receive* benefits distributed according to classifications which do not without sufficient justification differentiate among covered applicants solely on the basis of impermissible criteria." *Day v. Bond*, 500 F.3d 1127, 1133 (10th Cir. 2007) (emphasis added) (alterations, quotation marks and citation omitted). In other words, the "injury in fact is . . . 'the existence of a government erected barrier that makes it more difficult for members of one group *to obtain* a benefit than it is for members of another group.'" *Id.* (quoting *Buchwald v. Univ. of N.M. Sch. of Med.*, 159 F.3d 487, 493 (10th Cir. 1998)) (emphasis added); *see also Gratz v. Bollinger*, 539 U.S. 244, 262 (2003) (finding that the equal protection injury was the denial of "the opportunity to compete for [the government benefit] on an equal basis"); *Byers v. City of Albuquerque*, 150 F.3d

---

[3] Plaintiff also speculates that the government might have credited back loan payments or provided debt relief to other borrowers before an injunction was entered. Opp'n to Defs.' Mot. to Lift Stay & to Dismiss as Moot ("Pl.'s Opp'n") 1, 6, ECF No. 42. While Defendants deny making any such payments or providing debt relief to other borrowers under § 1005, for the same reasons that the four test payments do not constitute an ongoing injury, *infra* at 3-5, Plaintiff's speculations about other payments fail to show any ongoing injury for which the Court may grant effective relief.

[4] Plaintiff misconstrues the declaration Defendants filed in *Faust v. Vilsack*, No. 21-cv-548 (E.D. Wis.). *See* Ex. 1 to Pl.'s Opp'n, ECF No. 42-1 That declaration explains that USDA issued test payments to four borrowers who were eligible for § 1005 relief, *id.* ¶¶ 28-30, and not that USDA paid off the entirety of those four borrowers' loans. Regardless, the amount of payment these recipients received pursuant to USDA's testing procedures prior to implementing § 1005, and prior to the entry of any injunction, is irrelevant. For reasons explained herein, any alleged injury stemming from such payments, or any other steps Defendants took toward implementing § 1005 before it was enjoined, do not create a continuing injury supporting a claim for prospective relief as to the constitutional validity of that provision after its repeal.

1271, 1276 (10th Cir. 1998) (same). The injury is "not the ultimate inability to obtain the benefit," *Gratz*, 539 U.S. at 262; it is "the imposition of the barrier itself," *Day*, 500 F.3d at 1133 (citation omitted).

Indeed, it is axiomatic that while a plaintiff need not "show that he *would* have obtained the benefit but for the discriminatory effects of a government-erected barrier, the plaintiff must nevertheless demonstrate that he *could* have obtained the benefit." *Id.* at 1135. If "a plaintiff cannot do so because nondiscriminatory classifications would disqualify him from eligibility for the benefit even absent the challenged discriminatory classification, he cannot show injury caused by the discrimination, nor can he show injury that would be redressed by a decision in his favor; he therefore lacks standing to bring his claim." *Id.*

Here, the test payments were limited to farmers in New Mexico for reasons unrelated to race or ethnicity, *see* Pl.'s Opp'n 4 (quoting Cobb Decl. ¶ 28, ECF No. 42-1), and so Plaintiff could not have obtained a test payment even if the government had not considered her race or ethnicity. "Thus, Plaintiff fails to show any actual injury, in 2021 or now, from the actions taken by Defendants that solely affected FSA loan borrowers in New Mexico." *Carpenter* Order 5.

Even if these de minimis payments had caused Plaintiff any past harm, they create no *present* injury. Any equal protection injury would stem from the alleged unequal treatment of denying *Plaintiff* debt relief under § 1005 on the basis of her race. *See* Compl. ¶ 57 ("Plaintiff is harmed by the Defendants' racial classifications because, but for Plaintiff's skin color, she would be receiving up to 120% of the value of her outstanding debt[.]"). But Plaintiff does not, and cannot, show any likelihood of such unequal treatment in the future, given that § 1005 is obsolete. "In other words, while Plaintiff['s] personal interest in the benefits of Section 1005 existed at the commencement of her case, that interest doesn't continue now." *Carpenter* Order 5. Neither

Plaintiff nor any other farmer will obtain any benefits under the now-repealed § 1005. And Plaintiff's arguments that a handful of past payments create a lingering harm lacks any legal or factual basis—ultimately, they do nothing more than "merely recast[] a past harm as a continuing one," *Dorce v. City of New York*, 2 F.4th 82, 95-96 (2d Cir. 2021), and past harms alone do not suffice to create a continuing case or controversy.

The Sixth Circuit's decision in *Vitolo v. Guzman*, 999 F.3d 353 (6th Cir. 2021), does not stand for a contrary proposition, despite Plaintiff's reliance on that case. *See* Pl.'s Opp'n 9-11. There, the court found that an equal protection claim was not moot because "[r]ace and sex preferences continue[d] to bear on whether an applicant receives a grant" under an extant statute. *Vitolo*, 999 F.3d at 359. Thus, the court explained that "a court order ending those preferences will relieve the plaintiffs' injury" stemming from the use of racial preferences as provided by the statute. *Id.* Here, however, a court order on the constitutional validity of considering race in implementing § 1005 will not relieve any injury to Plaintiff, because Defendants are not considering race in implementing § 1005—they are not implementing § 1005 at all, as that statute no longer exists.

For these reasons, Plaintiff's assertion that the government must "unwind its misconduct" by recovering funds previously paid to others in order to moot her claim of unequal treatment, Pl.'s Opp'n 10-12, is meritless. In any event, the Court could not order the type of "unwind[ing]" relief that Plaintiff now purports to seek. Plaintiff asserts that "recipients of Section 1005 benefits have no right to keep" any funds previously administered to them. *Id.* at 5. There is no legal basis for the Court to order non-parties to reimburse the government, and Plaintiff identifies no legal theory on which the government could demand reimbursement for payments made pursuant to an Act of Congress before it was preliminarily enjoined. There is thus no "meaningful relief" the Court could

6

order to remedy any lingering injury from a handful of past payments, even assuming one existed. *Rio Grande Silvery Minnow*, 601 F.3d at 1110–11. Plaintiff's case must be dismissed as moot.

### II. Plaintiff forfeited any claims for nominal damages or costs and fees, but those claims would not prevent mootness even if they had not been forfeited.

Finally, by failing to respond to Defendants' arguments regarding her claims for nominal damages and costs and fees, *see* Defs.' Mot. 5-8, Plaintiff has forfeited any such claims for damages and costs and fees initially sought in her Complaint, *see* Compl., Relief Requested. *McKissick v. Yuen*, 618 F.3d 1177, 1189 (10th Cir. 2010) ("failure to develop her arguments adequately in the district court" leads to forfeiture or waiver); *Sinclair Wyo. Refining Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 793 (10th Cir. 2021) (plaintiff forfeited argument as to negligence claim by failing to raise it in district court).

Even if the claims had not been forfeited, they would not prevent the case from being moot, as Defendants explained in their motion to dismiss, *see* Defs.' Mot. 8: The government has not waived sovereign immunity for nominal damages, *see Clark v. Libr. of Cong.*, 750 F.2d 89, 103 (D.C. Cir. 1984), and it is well established that claims for costs and fees are ancillary to the litigation and do not preserve a case that is otherwise moot, *see, e.g.*, *In re W. Pac. Airlines, Inc.*, 181 F.3d 1191, 1196 (10th Cir. 1999). Accordingly, any claims to nominal damages or fees and costs would not prevent mootness even if they had not been forfeited.

### CONCLUSION

For all of these reasons, and those set forth in Defendants' motion to dismiss, the Court should dismiss Plaintiff's case as moot under Federal Rule of Civil Procedure 12(b)(1).

Dated: October 18, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY FARBY
Assistant Branch Director
Civil Division, Federal Programs Branch

*/s/ Kyla M. Snow*
KYLA M. SNOW (Ohio Bar No. 96662)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 514-3259 / Fax: (202) 616-8460
Kyla.snow@usdoj.gov

*Counsel for Defendants*