IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:21-cv-01779-DDD-SKC

SARA M. ROGERS,

    Plaintiff,

v.

THOMAS J. VILSACK, in his official capacity as Secretary of the Untied States Department of Agriculture; and
ZACH DUCHENEAUX, in his official capacity as Administrator of the Farm Service Agency,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO LIFT STAY AND DISMISS AS MOOT

Plaintiff's complaint argues that Section 1005 of the American Rescue Plan Act (ARPA) violates the equal protection principles of the Fifth Amendment of the United States Constitution. Defendants argue that the plaintiff's complaint is moot given the express repeal of Section 1005. As there is no longer an ongoing case or controversy giving this court jurisdiction, the Defendant's motion to lift stay is **granted (Doc. 41)**, and the complaint is **dismissed**.

### BACKGROUND

The facts and procedural history of this case are well known to the parties. Section 1005 of the ARPA appropriated funds to provide debt relief to farmers and ranchers from "socially disadvantaged" racial and ethnic groups. Ms. Rogers holds USDA farm loans that she argues would have been eligible under Section 1005, but for the fact that she is

- 1 -

Caucasian. *Doc*. 1 at ¶13. She filed a complaint seeking declaratory and injunctive relief, as well as costs and fees, and nominal damages. *Id*. Relief Requested. Ms. Rogers's contention is that Section 1005 and Defendant's implementation of it violates the equal protection principles of the Fifth Amendment.

This complaint was not Ms. Rogers's only path to relief—she was also included in two certified classes challenging Section 1005. *See Miller v. Vilsack*, 4:21-cv-595 (N.D. Tex.). Given Ms. Rogers's involvement in proceedings that advanced the same central claim, the Court in the present action stayed proceedings pending resolution of *Miller*. *Doc*. 36. In the meantime, multiple courts across the country entered preliminary injunctions prohibiting enforcement of Section 1005's racial exclusions. Then, in 2022, Congress expressly repealed Section 1005. *See* Inflation Reduction Act of 2022 (IRA) § 22008. The parties in *Miller* stipulated to the dismissal of the action following the repeal.

Before the injunctions and repeal, Defendants conducted a test of Section 1005, providing debt relief on about four loans in New Mexico. *Doc*. 42 at 1. The decision to make test payments in New Mexico was not linked to race or ethnicity.

## APPLICABLE LAW

"Federal courts do not possess a roving commission to publicly opine on every legal question," even ones involving important legal or constitutional matters. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). The federal courts' subject-matter jurisdiction is limited, and among the most foundational limitations is that Article III of the Constitution permits federal courts to decide only "Cases" or "Controversies." U.S. Const. art. III, § 2. "[T]he existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."

- 2 -

*McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996); *see also Allen v. Wright*, 468 U.S. 737, 750 (1984) ("The case-or-controversy doctrines state fundamental limits on federal judicial power in our system of government.").

"To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997). Federal courts lack subject-matter jurisdiction over cases that are moot. *See Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir.2010). Mootness can generally be described as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue through its existence (mootness)." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189, (2000). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Brown v. Buhman*, 822 F.3d 1151, 1165 (10th Cir. 2016) (quoting *Campbell-Ewald Co. v Gomez*, 577 U.S. 153 (2016)).

## DISCUSSION

Ms. Rogers's complaint is moot in light of the repeal of Section 1005. Ms. Rogers no longer has a personal stake in the outcome of the lawsuit, as Defendants no longer have the authority to apply, implement, or enforce Section 1005. The requested relief would not alter the legal position between the parties, so this Court does not retain subject matter jurisdiction over Ms. Rogers's complaint. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).

Further, Ms. Rogers's request for declaratory judgment that she is eligible to receive loan forgiveness pursuant to ARPA is moot upon the repeal of Section 1005. Neither Ms. Rogers nor anyone else can receive the benefits of Section 1005. This Court lacks any power to alter or affect the rights of Ms. Rogers or others relating to these questions.

The test payments in New Mexico do not prevent a finding of mootness. Ms. Rogers alleges that her injury is ongoing until I require the defendants to claw back the New Mexico payments or provide Ms. Rogers with debt relief. *Doc.* 52 at 4. Her argument fails. First, as previously stated, Ms. Rogers has no personal interest in Section 1005 benefits because Section 1005 benefits do not exist, and there is no allegation that they will exist again in the future. No favorable judicial decision can grant her these benefits. Second, Ms. Rogers fails to show any actual injury from the test payments in New Mexico because her property is in Colorado. Regardless of whether Section 1005 debt relief was predicated on race, Ms. Rogers would not have been eligible for test payments. Without a personal interest, Ms. Rogers lacks standing to sue. *See Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 593 (2007) (holding that outside of a narrow Establishment Clause exception, there is a general rule against federal taxpayer standing).

Finally, Ms. Rogers's claim for nominal damages and costs and fees cannot resurrect her complaint. This Court does not have the jurisdiction to award nominal damages because there is no applicable waiver of sovereign immunity. *See Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urb. Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009); *Clark v. Libr. of Cong.,* 750 F.2d 89, 103 (D.C. Cir. 1984) ("Sovereign immunity, however, does bar suits for money damages against officials in their official capacity absent a specific waiver by the government."). Ms. Rogers's

claim for costs and fees also fails to preserve the case because it is unrelated to the subject matter of the litigation. *Diamond v. Charles*, 476 U.S. 54, 70 (1986).

## CONCLUSION

It is ORDERED that:

The Motion to Lift Stay and Dismiss as Moot (**Doc. 41**) is **GRANTED**;

The stay entered by order of the Court (**Doc. 36**) is **LIFTED**; and

Because the Court lacks jurisdiction, this case is **DISMISSED**.

DATED: March 27, 2023                BY THE COURT:

~~Daniel D.~~ Domenico
United States District Judge